UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VIRGINIA L. CASTON** | **CIVIL ACTION** |
| **VERSUS** | |
| **JOHN E. POTTER, POSTMASTER GENERAL** | **NO. 06-557-C-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, August 23, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**VIRGINIA L. CASTON**                               **CIVIL ACTION**

**VERSUS**

**JOHN E. POTTER, POSTMASTER**              **NO. 06-557-C-M2**
**GENERAL**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Motion for Clarification of Magistrate Judge's Report and Recommendation (R. Doc. 42) filed by defendant, John E. Potter, Postmaster General ("Potter"). Through this motion, Potter seeks to have the Court clarify its report and recommendation issued on July 5, 2007 (R. Doc. 41) to reflect that the claims of discrimination and hostile work environment which survive defendant's motion to dismiss (R. Doc. 21) are only those related to plaintiff's allegations regarding her worker's compensation claim filed on October 4, 2005. Plaintiff, Virginia L. Caston ("Caston"), has not filed an opposition to Potter's motion for clarification.

## BACKGROUND

In the July 5, 2007 report and recommendation relative to Potter's motion to dismiss, the undersigned determined that, because the plaintiff allegedly was not aware of the Office of Worker's Compensation's ("OWCP") request for additional documentation concerning her October 4, 2005 worker's compensation claim and the Postal Service's purported submission of information (a blank Form CA-17 and written statement) to the OWCP until after she received the letter denying her benefits on February 17, 2006, plaintiff's claims that the Postal Service discriminated against her and created a hostile work environment

1

by "impeding the processing of her worker's compensation claim" should not be dismissed for failure to exhaust administrative remedies.[1] In issuing that determination, the undersigned intended only for the discrimination/hostile work environment claims relating to the specific worker's compensation claim at issue, that filed on October 4, 2005, to survive Potter's motion to dismiss; however, the undersigned did not precisely state that point in its report. Because Caston filed several other worker's compensation claims while working for the Postal Service during the 2003 to 2005 time period,[2] it is necessary to clarify the undersigned's prior report as suggested by Potter, to avoid any confusion.

Accordingly, the undersigned will clarify its prior report and recommendation to provide that the discrimination and hostile work environment claims which should not be dismissed are those relating to the single worker's compensation claim filed by Caston on October 4, 2005, which was denied by the OWCP on December 19, 2005, and about which plaintiff contends she received notice of denial on February 17, 2006. Because the District Judge has already issued a ruling adopting the undersigned's report and recommendation, the undersigned would recommend that such ruling be amended to reflect the clarification stated herein.

---

[1] The Court, however, recommended dismissal of all of plaintiff's other discrimination and hostile work environment claims relative to the time period of July 12, 2003 through October 31, 2005, as well as dismissal of plaintiff's pre-charge retaliation claim.

[2] Caston did not file a formal Equal Employment Opportunity ("EEO") charge with respect to any of her other worker's compensation claims during the 2003-2005 period and therefore would not have exhausted her administrative remedies relative to any employment discrimination claims she might have associated with those worker's compensation claims. Thus, the only worker's compensation claim with respect to which Caston exhausted her administrative remedies by filing an EEO charge is the claim she filed on October 4, 2005. Specifically, she filed an EEO charge on May 27, 2006, alleging that defendant discriminated against her and created a hostile work environment by impeding the processing of her October 4, 2005 worker's compensation claim.

**RECOMMENDATION**

For the above reasons, it is recommended that the Report and Recommendation dated July 5, 2007 (R. Doc. 41) and the District Judge's Ruling adopting that Report and Recommendation dated August 15, 2007 (R. Doc. 50) be amended and clarified to reflect that the discrimination and hostile work environment claims of plaintiff, Virginia L. Caston, which should not be dismissed are those relating to the single worker's compensation claim filed by Caston on October 4, 2005.

Signed in chambers in Baton Rouge, Louisiana, August 23, 2007.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**